SO ORDERED: June 20, 2013.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ERICA MARIE JACKSON ) | CASE NO. 12-9635-RLM-7A |
| ) | |
| Debtor ) | |

**ORDER SUSTAINING TRUSTEE'S OBJECTION
TO DEBTOR'S CLAIM OF EXEMPTIONS**

This matter came before the Court upon the Trustee's objection to the Debtor's amended claim of exemptions. [1] For the reasons stated below, the Court SUSTAINS the Trustee's objection.

---

[1] This matter actually came to the Court upon the Debtor's objection to the Trustee's Notice of Possible Assets ("the Notice"). The Notice did not ask the Court for any particular relief; it merely was a notice to the Court and the creditors that the designated assets, one of which was the $3,000 refund from the Child Tax Credit, were assets that the Trustee sought to administer and liquidate for distribution to creditors. The court held a hearing on the objection to the Notice on April 24, 2013 and gave the parties the option of filing briefs within 28 days. The parties filed their briefs and later put the issue in a correct procedural posture when the Debtor amended her schedules, claiming the Child Tax Credit refund as exempt, to which the Trustee objected.

*Background*

The Debtor filed her chapter 7 case on August 13, 2012.  On her amended claim of exemptions, the Debtor claimed as exempt her 2012 federal tax refunds attributable to (1) the Earned Income Credit in the amount of $3,240 and (2) the Additional Child Tax Credit in the amount of $3,000.  The Trustee objects to the exemption for the Additional Child Tax Credit refund.

*Discussion*

A discharge of one's debts in bankruptcy provides a debtor with a "fresh start" and "[e]xemptions promote the fresh start by granting the debtor adequate possessions with which to begin life anew".  *In re VanMeter*, 137 B.R. 908, 918 (Bankr. N. D. Ind. 1992).  The federal exemptions provided for in Section 522 of the Bankruptcy Code allow debtors to claim certain property as exempt, but Section 522(b)(2) authorizes states to "opt out" of the federal exemptions.  Indiana is an "opt out" state and thus, the exemptions to which the Debtor here is entitled are under Indiana law.

A debtor's interest in a refund or a credit received or to be received under Section 32 of the Internal Revenue Code of 1986 (the federal earned income tax credit) is exempt under Indiana law.  Ind Code §34-55-10-2(c)(11)(A). [2]  Section 32 of the Internal Revenue Code ("IRC") refers only to the earned income credit ("EIC") and no other credit.  The child tax credit is found in Section 24 of the IRC (26 U.S.C. §24).  Section 24(a) has become known as the general "child tax credit" ("CTC") section and it

---

[2] The Debtor's amended Schedule C provides that the EIC is exempt under Ind Code §34-55-10-2(c)*(10)* which is the incorrect section of the exemption statute.  However, Indiana specifically exempts EIC's and the Trustee has not objected to this exemption.

2

provides for a $1,000 tax credit for each qualifying child.  Section 24(d) has become known as the "*additional* child tax credit" ("ACTC") section and allows an additional credit for taxpayers with three or more qualifying children.  The primary difference between the two is that the CTC is a "nonrefundable" credit (which acts only as an offset to reduce a taxpayer's liability, but to the extent the credit exceeds the tax liability, the tax liability is reduced to zero, thus resulting in no refund) and the ACTC is a "refundable" credit (the amount by which the credit exceeds a taxpayer's tax liability is considered an "overpayment" and thus, refunded to the taxpayer).  See, *Cohen v. Borgman,* 698 F.3d 1255, 1258, 1262 (10th Cir. 2012) for a thorough discussion of the interplay between "credits" and "payments" (which includes refundable credits such as federal withholding, the Earned Income Tax Credit, and the ACTC) on IRS Form 1040.[3]

    The Debtor urges that the ACTC "should be exempt in the same manner as her EIC.." because both are "refundable" credits.  *Debtor's Brief in Opposition*, ¶8. The Indiana exemption clearly is written in terms of IRC sections, and not in terms of whether a particular credit is "refundable"; it exempts a refund or credit under *Section 32* of the IRC with no corresponding exemption for a refund or credit under *Section 24* of the IRC.  Presumably, had the Indiana Legislature wished to exempt either the CTC or the ACTC under Section 24 of the IRC, it knew how to do so.  It declined. [4]

    Furthermore, the EIC and the ACTC may share the same "refundable credit"

---

[3] Since neither the CTC nor the ACTC are found under the Indiana exemptions found at Ind. Code §34-55-10-2, this distinction is not an issue before the Court.

[4] The cases where the CTC or the ACTC was found to be exempt were in states where the exemption statute specifically provided for it, or where the state's exemption for public assistance benefits had been determined to include the CTC or the ACTC.  See, *In re Reshetov*, 2011 WL 4102770 at *4 (Bankr. N. D. Okla., September 14, 2011).

attribute, but they serve very different purposes.  The EIC

> was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low income families hurt by rising food and energy prices.

*Sorenson v. Secretary of the Treasury of the United States*, 475 U.S. 851, 864, 106 S.Ct. 1600, 1609, 89 L.Ed.2d 855 (1986).  The primary purpose of the enactment of the EIC "was clearly to afford economic relief to low income heads of household who work for a living" *In re Searles,* 445 F.Supp. 749, 752 (D. Conn. 1978).  Conversely, both the CTC and the ACTC was designed to benefit a large percentage of Americans, as it allowed for taxpayers filing a joint return with household income up to $110,000 a year to be eligible for those credits.  26 U.S.C. §24(b)(2).  Thus, unlike the EIC, the CTC and its subpart, the ACTC were not specifically targeted to assist lower income families.  *In re Dever*, 250 B.R. 701, 706 (Bankr. D. Idaho, 2000) (CTC refund not exempt under Idaho's "public assistance" exemption); *In re Steinmetz*, 261 B.R 32, 35 (Bankr. D. Idaho, 2001)(same); *Law v. Stover*, 336 B.R. 780, 783 (B.A.P. 8th Cir. 2006)(recognizing the EIC was to "provide economic relief to low income working families" while the CTC "was to reduce the tax burden on working parents and promote family values", but holding that both the EIC and CTC should be treated the same for bankruptcy purposes as contingent interests of the debtor as of the petition date). The Indiana Legislature clearly provided an exemption for the EIC which is a credit made available to lower income families.  Even if Ind. Code §34-55-10-2(c)(11)(A) remotely could be interpreted as a "public assistance" exemption which is not limited to the EIC, the refund

4

attributable to the ACTC here would not qualify as it was not enacted solely to assist lower income families, but applies to middle income families. Accordingly, the Trustee's objection is SUSTAINED and the Debtor's $3,000 exemption of the ACTC is DISALLOWED. The Trustee has not moved for turnover of the ACTC refund and thus, the Court, at this juncture, will not order it.

### # # #

Distribution:

Jeffrey K. Eicher, Attorney for the Debtor
Lucas Sayre, Attorney for the Trustee, Thomas A. Krudy
Thomas A. Krudy, Chapter 7 Trustee